LAN YING ZHUANG, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 06–4723–ag.

United States Court of Appeals,
Second Circuit.

July 6, 2007.

Lan Ying Zhuang, pro se, Milpitas, California, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Scott Rempell, Trial Attorney, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Lan Ying Zhuang, a native and citizen of China, seeks review of the September 22, 2006 order of the BIA affirming the May 5, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

In re Lan Ying Zhuang, No. A75 961 716 (B.I.A. Sept. 22, 2006), aff'g No. A75 961 716 (Immig.Ct.N.Y.City, May 5, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. See Yu Yin Yang v. Gonzales, 431 F.3d 84, 85 (2d Cir.2005); Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ Here, we find that substantial evidence supported the agency's adverse credibility determination. The multiple specific examples of discrepancies between Zhuang's testimony and the record evidence—e.g., the inconsistent dates of her alleged IUD insertion and the omission from her written statement of the arrest of her parents-in-law—provided sufficient bases on which the agency could conclude that she was not credible. See Zhou Yun Zhang, 386 F.3d at 74. Although Zhuang offered explanations for these omissions and inconsistencies, no reasonable fact finder would have been compelled to accept them. See Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).

■ Because Zhuang failed to establish past persecution due to her incredible testimony, she was not entitled to the presumption of a well-founded fear. See 8 C.F.R. § 1208.13(b)(1). Furthermore, because Zhuang was properly found not credible, she failed to show the necessary subjective basis for a well-founded fear of

future persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir. 2004). Accordingly, the agency properly denied her asylum claim.

■ Moreover, because the only evidence of a threat to Zhuang's life or freedom depended upon her credibility, the adverse credibility determination as to her asylum claim necessarily precludes success on her claim for withholding of removal. *See* 8 U.S.C. § 1231(b)(3); *Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

■ Finally, we lack jurisdiction to consider Zhuang's claim for CAT relief as she failed to exhaust it before the BIA, and we dismiss her petition for review to that extent. *See* 8 U.S.C. § 1252(d)(1); *see generally Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).